# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAY TAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00501-NJR |
| | ) |
| JOHN BALDWIN, | ) |
| WARDEN JEFF DENNISON, | ) |
| ASSISTANT WARDEN WALKER, | ) |
| KRISTIN HAMMERSLEY, | ) |
| SERGEANT HICKS, | ) |
| LIEUTENANT PICKFORD, | ) |
| OFFICER GARRET, | ) |
| OFFICER SORIA, | ) |
| LIEUTENANT CAMPBELL, | ) |
| INTERNAL AFFAIRS OFFICER | ) |
| STUCK, and | ) |
| OFFICER JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tay Tay is a transgender inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Danville Correctional Center ("Danville"). On May 14, 2019, Plaintiff, represented by counsel and paying the full filing fee, filed her Complaint alleging deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983, violations of the Americans with Disabilities Act ("ADA"), and a state law claim for intentional infliction of emotional distress. (Doc. 1). Plaintiff claims that because she is a transgender inmate housed in a men's prison, she has been subjected to and continues to be subjected to a substantial risk of serious harm. Plaintiff also has filed a Motion for Preliminary Injunction seeking an Order directing her transfer to Logan Correctional Center, a women's prison, and ensuring her protection from sexual abuse and

1

harassment at the hands of IDOC staff and other inmates. (Doc. 2).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff is a transgender woman currently housed in Danville, a men's prison. (Doc. 1, p. 1). She began identifying as a female 27 years ago. (Doc. 1, p. 4). In 2010, she was diagnosed with gender dysphoria. (Doc. 1, p. 5). During her time in IDOC custody, she has been repeatedly sexually assaulted by other inmates. (Doc. 1, pp. 1-2). In 2018-2019, she was housed at Shawnee Correctional Center, Dixon Correctional Center, Graham Correctional Center, and Danville, which are men's prisons. (Doc. 1, pp. 6-12). At those facilities, she was subjected to repeated sexual harassment by IDOC staff and other inmates because of her gender identity. (Doc. 1, pp. 2, 6-12).

As a result of the abuse Plaintiff has endured, she has experienced several mental health crises, including several suicide attempts and self-mutilation episodes. (Doc. 1, pp. 2, 6). She has repeatedly requested that IDOC staff keep her safe, including by transferring her to a women's prison. (Doc. 1, pp. 2, 7-12). IDOC officials have denied her requests in accordance with IDOC's policy and practice of housing inmates according to their sex assigned at birth. (Doc. 1, pp. 2, 13,

21-22). Plaintiff continues to be in danger of sexual harassment and abuse while housed in men's prisons. (Doc. 1, pp. 2, 5-12).

In connection with these allegations, Plaintiff brings six counts: Fourteenth Amendment Equal Protection claims against Baldwin in his official capacity (Counts 1 and 2); Eighth Amendment failure to protect claim against all Defendants in their individual capacities (Count 3); ADA claim against Baldwin in his official capacity (Count 4); unlawful policy and practice (*Monell*) claim against Baldwin in his official capacity (Count 5); and Illinois state law claim for intentional infliction of emotional distress against all Defendants (Count 6). Without commenting on the merits of Plaintiff's claims, the Court finds that Counts 1-6 survive preliminary review under Section 1915A.

**Motion for Preliminary Injunction and Identification of John Doe**

Baldwin and Dennison are appropriate official capacity defendants with respect to Plaintiff's request for injunctive relief and identifying the unknown John Doe defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Accordingly, in addition to responding to any applicable individual and/or official capacity claims, these individuals will remain on the docket to address any injunctive relief that might be ordered and to respond to discovery aimed at identifying the unknown John Doe defendant.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1, 2, 4,** and **5** shall receive further review as to **BALDWIN** in his official capacity. **COUNTS 3** and **6** shall receive further review as to **JOHN BALDWIN, WARDEN JEFF DENNISON, ASSISTANT WARDEN WALKER, KRISTIN HAMMERSLEY, SERGEANT HICKS, LIEUTENANT PICKFORD, OFFICER GARRET,**

3

**OFFICER SORIA, LIEUTENANT CAMPBELL, INTERNAL AFFAIRS OFFICER STUCK**, and **OFFICER JOHN DOE**, in their individual capacities. Plaintiff's counsel will be responsible for completing service of process in this case.

The Court will enter a separate order setting a hearing on the Motion for Preliminary Injunction and directing Defendants to respond to the same.

Finally, this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS SO ORDERED.**

**DATED: May 15, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**