## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAY TAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00501-NJR |
| | ) | |
| ROB JEFFREYS, | ) | |
| WARDEN JEFF DENNISON, | ) | |
| ASSISTANT WARDEN WALKER, | ) | |
| KRISTIN HAMMERSLEY, | ) | |
| SERGEANT HICKS, | ) | |
| LIEUTENANT PICKFORD, | ) | |
| OFFICER GARRET, | ) | |
| OFFICER SORIA, | ) | |
| LIEUTENANT CAMPBELL, | ) | |
| INTERNAL AFFAIRS OFFICER | ) | |
| STUCK, and | ) | |
| OFFICER JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tay Tay is a transgender inmate of the Illinois Department of Corrections ("IDOC") who was incarcerated at Danville Correctional Center ("Danville") at the time this case was filed. Plaintiff, represented by counsel and paying the full filing fee, filed her Complaint alleging deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983, violations of the Americans with Disabilities Act ("ADA"), and a state law claim for intentional infliction of emotional distress. (Doc. 1). Plaintiff claims that because she is a transgender inmate housed in a men's prison, she has been subjected to and continues to be subjected to a substantial risk of serious harm.

Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff

1

was allowed to proceed on six counts: a Fourteenth Amendment Equal Protection claims against Baldwin in his official capacity (Counts 1 and 2); an Eighth Amendment failure to protect claim against all Defendants in their individual capacities (Count 3); an ADA claim against Baldwin in his official capacity (Count 4); an unlawful policy and practice (*Monell*) claim against Baldwin in his official capacity (Count 5); and an Illinois state law claim for intentional infliction of emotional distress against all Defendants (Count 6).

Plaintiff also filed a Motion for Preliminary Injunction seeking an Order directing her transfer to Logan Correctional Center, a women's prison, and ensuring her protection from sexual abuse and harassment at the hands of IDOC staff and other inmates. (Doc. 2). The motion for preliminary injunction was set for hearing on July 29, 2019, but was canceled by agreement of the parties.

On July 26, 2019, Plaintiff filed a First Amended Complaint. (Doc. 64). Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Because Defendants have not filed an answer or otherwise responded to the Complaint, Plaintiff's motion is timely and complies with Federal Rule of Civil Procedure 15(a)(1). Nonetheless, the First Amended Complaint is still subject to review under 28 U.S.C. § 1915A.[1]

Without commenting on the merits of Plaintiff's claims, the Court finds that the First Amended Complaint survives preliminary review under Section 1915A. The following claims will

---

[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

proceed: Fourteenth Amendment Equal Protection claims against Jeffreys[2] in his official capacity (Counts 1 and 2); Eighth Amendment failure to protect claim against Jeffreys in his official capacity and against all other Defendants in their individual capacities (Count 3); ADA claim against Jeffreys in his official capacity (Count 4); Fourteenth Amended due process claim against Jeffreys in his official capacity (Count 5); First Amendment retaliation claim against Jeffreys in his official capacity (Count 6); unlawful policy and practice (*Monell*) claim against Jeffreys in his official capacity (Count 7); and Illinois state law claim for intentional infliction of emotional distress against all Defendants (Count 8).

### Motion for TRO and Preliminary Injunction

Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Defendants from Forcibly Housing Her in a Psychiatric Hospital in Violation of Her Constitutional Rights and For an Expedited Hearing. (Doc. 66). A hearing on that motion will be held on Friday, August 2, 2019.

### Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 64) survives preliminary review under Section 1915A. **COUNTS 1, 2, 3, 4, 5, 6,** and **7** shall receive further review as to **ROB JEFFREYS** in his official capacity. **COUNTS 3** and **8** shall receive further review as to **WARDEN JEFF DENNISON, ASSISTANT WARDEN WALKER, KRISTIN HAMMERSLEY, SERGEANT HICKS, LIEUTENANT PICKFORD, OFFICER GARRET, OFFICER SORIA, LIEUTENANT CAMPBELL, INTERNAL AFFAIRS OFFICER STUCK**, and **OFFICER JOHN DOE**, in their individual capacities.

---

[2] Rob Jeffreys has been substituted for John Baldwin as Jeffreys is the current Director of the Illinois Department of Corrections.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First

Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

    **IT IS SO ORDERED.**

    **DATED:  July 30, 2019**

 

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**