IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TAY TAY,

          **Plaintiff,**

v.

JEFF DENNISON, *et al.*,

          **Defendants.**

Case No. 19-cv-501-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Tay Tay's motion for attorneys' fees and costs (Doc. 156), as well as her bill of costs (Doc. 157). Defendants object to the request for fees and costs (Doc. 165). The Court held an evidentiary hearing on October 22, 2020.

## BACKGROUND

Plaintiff Tay Tay is a transgender woman who, at the time she filed her Complaint, was in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at a male prison. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 claiming that because she is a transgender woman housed in a men's prison, she was subjected to and continued to be subjected to a substantial risk of serious harm. Along with her Complaint, she filed a motion for preliminary injunction (Doc. 2) asking to be transferred to a women's prison and ensuring her protection from sexual abuse and harassment at the hands of IDOC staff and inmates (*Id.*). The Court held evidentiary hearings on September 25 and October 15, 2019 (Docs. 109 and 114). After the hearings, the parties submitted

supplemental briefs (Docs. 118, 120, and 121).

On May 1, 2020, the Court granted Plaintiff's motion for preliminary injunction (Docs. 132 and 133). Instead of directly jumping into management of IDOC's facility or ordering an immediate transfer, the Order set out in detail the reasons why Plaintiff was likely to succeed on her constitutional claims and directed Defendants to develop an individualized case management plan for Plaintiff which took into account her need for safety, her past history of victimization, her medical and psychiatric history, all PREA standards, and the expert witness opinions offered at the evidentiary hearing (Docs. 132 and 133). The Court noted that after a proposed plan was submitted, the Court would allow Plaintiff an opportunity to respond to the proposal (Doc. 132, p. 60).

Defendants filed their case management plan on May 22, 2020 (Doc. 134). Plaintiff was directed to respond to the proposal by June 9, 2020, but on May 29, 2020, Plaintiff's counsel asked for a status hearing to discuss the status of Plaintiff's petition for commutation (Doc. 136). Defendants were not able to provide a status of the petition, and thus Plaintiff went ahead with her response to the proposed case management plan, noting several deficiencies with the proposal and requesting that the Court order Defendants to file a new plan to address the deficiencies (Doc. 143). The Court ordered Defendants to respond to the issues raised by Plaintiff's response (Doc. 144), and a response was filed on June 24, 2020 (Doc. 148). The Court set the issue of the case management plan for a hearing on July 30, 2020 (Doc. 149).

Prior to the scheduled hearing, Plaintiff's clemency petition was granted, and she was released from custody on July 20, 2020. The Court canceled the hearing on the case

management plan and converted the hearing to a status conference. At the status conference, Plaintiff's counsel requested leave to file the pending fee petition, which was granted. Because of these developments, a formal case management plan for Plaintiff was never finalized.

On August 13, 2020, Plaintiff filed her motion for attorneys' fees (Doc. 156). The following day, she filed a bill of costs (Doc. 157). Plaintiff argues that she is a prevailing party because she obtained a preliminary injunction prior to her release from IDOC custody. Her attorneys, from Northwestern Pritzker School of Law, seek $123,368.08 in attorneys' fees and $14,636.26 in costs, for a total amount of $138,004.34. Her attorney from Uptown People's Law Center seeks $24,415.48 in attorneys' fees and $98.68 in costs, for a total amount of $24,514.16.

## ANALYSIS

In a Section 1983 action, "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs…" 42 U.S.C. § 1988(b). A prevailing party is a litigant who wins the battle on a "substantial part of the litigation." *First commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985); *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of [her] claim." *Farrar v. Hobby*, 506 U.S. 103, 111, 114 S.Ct. 566 (1992). A litigant is a prevailing party when she "has obtained a judgment on the merits, a settlement agreement enforced through a consent decree or some other judicially sanctioned change in the legal relationship of the parties." *Dupuy v. Samuels*, 423 F.3d 714, 719 (7th Cir. 2005) (internal citations omitted).

Defendants do not dispute that a plaintiff who is awarded a preliminary injunction can, in some cases, be considered a prevailing party. *Lefemine v. Wideman*, 568 U.S. 1, 2 (2012); *Dupuy*, 423 F.3d at 719 ("We have interpreted the Supreme Court's decisions on interim fee awards to mean that, "[o]nce a plaintiff obtains substantive relief that is not defeasible by further proceedings, he can seek interim fees and the district court has the power to award them."); *Young v. City of Chicago*, 202 F.3d 1000 (7th Cir. 2000). But because the case management plan was never finalized, Defendants argue that the legal relationship between the parties never changed and thus, Plaintiff is not a prevailing party. *See Dupuy*, 423 F.3d at 722-723.

The Court disagrees. Until the day when the Court issued its order on the preliminary injunction motion (and maybe not even then), IDOC was not willing to do *anything* to help Plaintiff address her concerns with her confinement. It was only after this Court issued a 61-page Order pointing out the numerous deficiencies that existed in the system that IDOC was forced to develop a case management plan for Plaintiff. Thus, there was clearly a change in the legal relationship of the parties.

The Court acknowledges that the case management plan was not finalized. But unlike in *Dupuy*, where the Seventh Circuit found that the plaintiff was not entitled to an attorney's fee because numerous aspects of the case were left to be resolved, in this case there was nothing more for this Court to decide on the injunction issue other than to implement the final plan. *See Dupuy*, 423 F.3d at 722-23. It is only because of a subsequent decision by IDOC that Plaintiff should be released from custody that the final case management plan was not implemented. This made the claims moot. The Seventh Circuit

has held that a "defendant cannot defeat a plaintiff's right to attorneys' fees by taking steps to moot the case after the plaintiff has obtained the relief he sought." *Young*, 202 F.3d at 1000. The fact that Plaintiff's claims in this case are now moot does not alter her status as a prevailing party. Her claims for injunctive relief have now come to an end. Thus, there is a resolution of the dispute between the parties, and a change in the legal relationship between them.

Accordingly, the Court finds that Plaintiff is a prevailing party and entitled to attorneys' fees and costs. On the other hand, Defendants have raised a number of issues with the fees and costs sought. The Court is inclined to assign a mediator to the case to resolve the disputes over the fees and costs, as well as potentially mediating the resolution of the remaining claims. Thus, as explained at the recent hearing, Defendants are **DIRECTED** to contact the Court by **October 29, 2020**, and indicate whether they are amendable to mediating the case before a magistrate judge or an assigned mediator. Defendants can email their response to the Court's proposed documents email. Plaintiff will then have seven days to respond to Defendants' response.

**IT IS SO ORDERED.**

DATED:   October 26, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**